IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| A. NEUMANN & ASSOCIATES, LLC and ANA COMMERCIAL REAL ESTATE TRISTATE, LLC, </br></br>Plaintiffs, </br></br>v. </br></br>RUDY MARMELO and RUDY & SONS, INC., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 24-mc-3006 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

On May 15, 2024, Plaintiffs A. Neumann & Associates, LLC and ANA Commercial Real Estate Tristate, LLC, pursuant to 735 ILCS 5/12-652, filed a Notice of Filing of Foreign Judgment and certified copy of a final judgment that was entered on March 8, 2024, in the amount of $1,109,743.18, in favor of Plaintiffs against Defendants Rudy Marmelo and Rudy & Sons, Inc., in the Superior Court of New Jersey, Law Division, Monmouth County. (Doc. 1). Before the Court are Defendants Rudy Marmelo's and Rudy & Sons, Inc.'s Motion to Vacate Registration of Judgment (Doc. 15) and Plaintiffs' Motion to Dismiss Citations to Discover Assets and Withdraw their Opposition to Defendants' Motion to Vacate Registration of Judgment. (Doc. 26).

**I.     BACKGROUND**

On July 1, 2024, Defendants moved to vacate the registration of judgment on the basis that Plaintiffs did not comply with 735 ILCS 5/12-652 because the judgment was

not registered with a circuit court clerk in an Illinois state court. (Doc. 15 at 1). Defendants also allege the New Jersey judgment Plaintiffs sought to enforce was not final because crossclaims remained pending in the New Jersey action. (*Id.*) Defendants further contend the Court should vacate registration of the judgment under the abstention doctrine first announced in *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), given that the New Jersey proceeding is ongoing. (*Id.* at 1-2). For any of those reasons, Defendants allege Plaintiffs are not entitled to enforce the judgment in this Court and the registration must be vacated or this cause must be stayed. (*Id.* at 2).

While Plaintiffs initially opposed Defendants' motion to vacate registration of judgment (Doc. 16), Plaintiffs on January 10, 2025, withdrew their opposition to Defendants' motion to vacate registration of judgment on the basis that Plaintiffs were now pursuing relief in the Circuit Court of the Eighth Judicial Circuit in Brown County, Illinois. (Doc. 26 at 1-2). In response, Defendants ask the Court to construe Plaintiffs' pleading as Plaintiffs' consent to entry of judgment in Defendants' favor in this cause, and not as a voluntary dismissal under Federal Rule of Civil Procedure 41. (Doc. 28 at 1). Alternatively, Defendants ask the Court to bar Plaintiffs from continuing their collection efforts in Brown County Circuit Court as a condition of dismissing this matter. (*Id.*) In their supplement, based on the Brown County filing, Defendants again ask the Court to dismiss this matter pursuant to the *Colorado River* abstention doctrine. Defendants further assert the matter should be dismissed for lack of subject matter jurisdiction because Plaintiffs have not established that complete diversity of citizenship exists.

II.     DISCUSSION

Defendants claim that Plaintiffs' withdrawal of their opposition to Defendants' motion violates Federal Rule of Civil Procedure 7(b)(1) because any "request for a court order must be made by motion" and must "state the relief sought." (*Id.* at 2). Additionally, Central District of Illinois Local Rule 7.1(B)(1) requires movants to identify "the local or federal rule under which the motion is filed." (*Id.*) Defendants note that Plaintiffs' pleading references only Federal Rule of Civil Procedure 69(a), which does not govern dismissals, and Illinois Supreme Court Rule 277(f), which does not apply in federal court. (*Id.* at 2-3). Thus, Defendants argue that the Court cannot construe Plaintiffs' withdrawal of their opposition to Defendants' motion as being a Rule 41 motion without running afoul of Rule 7(b)(1) and the Court's local rules. (*Id.* at 3). Defendants ask the Court to either (1) enter judgment in Defendants' favor based on Plaintiffs' withdrawal of their opposition to such a judgment; or (2) condition any voluntary dismissal on Plaintiffs' discontinuation of collection efforts in Brown County. (*Id.* at 3-4).

In Plaintiffs' reply to Defendants' response, Plaintiffs state that Defendants are seeking to preclude Plaintiffs from enforcing the final judgment in any Illinois forum, given that Defendants recently filed a motion to vacate registration of foreign judgment and dismiss the citation proceedings in the Brown County action. (Doc. at 2). In seeking dismissal of the Brown County action, Defendants argued that the pendency of the proceedings in this Court warranted dismissal of the Brown County case under Section 2-619 of the Illinois Code of Civil Procedure because "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3). (*Id.*) Following a hearing in the Brown County action, the court denied most of the relief sought by

Defendants while also staying those proceedings pending the outcome of these proceedings. (*Id.*) Three days later, Plaintiffs filed the instant motion to dismiss citations to discover assets and withdraw their opposition to Defendants' motion to vacate registration of judgment so that Plaintiffs will be able to proceed in the Brown County action.

Plaintiffs state they are not moving for dismissal under Rule 41, which governs the dismissal of actions. Rather, their motion was filed pursuant to Illinois Supreme Court Rule 277, which is applicable in these proceedings under Federal Rule of Civil Procedure 69, which provides that when no federal statute is applicable, "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). The Seventh Circuit has explained that 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern supplementary proceedings in Illinois. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010). "Supplementary proceedings are post-judgment processes that support the judgment creditor in asset discovery and final satisfaction of judgment." *Id.* Rule 277 provides, in relevant part, that proceedings on citations to discover assets "continue until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment." Ill. Sup. Ct. R. 277(f).

Instead of filing a complaint to commence this action, Plaintiff notes that it filed a Notice of Filing of Foreign Judgment to register their final judgment under the Uniform Enforcement of Foreign Judgments Act, which provides in pertinent part:

> The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any county of this State and may be enforced or satisfied in like manner. A judgment filed or registered under this Act shall be construed to be an original Illinois judgment from the date it is filed with the clerk of this circuit court and for purposes of enforcement and revival, shall be treated in exactly the same manner as an Illinois judgment entered on that same date.

735 ILCS 5/12-652(a). In accordance with Rule 277(f), Plaintiffs have moved to terminate proceedings on their citations to discover assets in this case.

As Plaintiffs allege, assuming the Court found that Rule 41 were to apply, Plaintiff would be able to file a notice of voluntary dismissal under Rule 41(a)(1) because Defendants have not filed an answer or summary judgment motion. Under such a scenario, the Court still would not be authorized to grant Defendants' request to condition dismissal in this case on Plaintiffs ceasing their efforts in pursuing collection efforts in the Brown County action. *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019) ("But before the court entered the dismissal order, it should have given Carter an opportunity to withdraw her voluntary dismissal motion."); *see also Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) ("When a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion.").

Under 735 ILCS 5/12-652, this action should have been "filed in the office of the circuit clerk for any county of this State," as Defendants argued in their motion to vacate registration of judgment. Plaintiffs have now complied with 735 ILCS 5/12-652. Given

that there is no indication this was anything other than an honest mistake, the Court declines to dismiss this case with prejudice. Because this action is now properly before the court in Brown County and Plaintiffs have withdrawn their opposition to Defendants' motion to vacate registration of judgment in this action, the Court will grant Defendants' motion to vacate registration of judgment while also granting Plaintiffs' motion to dismiss citations to discover assets. This action will be dismissed without prejudice, thereby allowing the Brown County action to proceed.

Therefore, Defendants' Motion to Vacate Registration of Judgment [Doc. 15] is GRANTED. Plaintiffs' Motion to Dismiss Citations to Discover Assets and withdraw their Opposition to Defendants' Motion to Vacate Registration of Judgment [Doc. 26] is GRANTED. The Clerk is Directed to terminate Defendants' Motion to Supplement [Doc. 25], as the pleading is a supplement to Defendants' motion to vacate registration of judgment. This case is Dismissed without Prejudice. No judgment to enter.

ENTER: February 19, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE